Andreas MEZHLUMYAN; Lustine Mezhlumyan; Anna Mezhlumyan; Alina Muradyan, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–71471.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2009.*

Filed April 9, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander Morales, Esq., Law Offices of Boghosian & Morales, Glendale, CA, for Petitioners.

Paul J. Schaeffer, U.S. Department of Justice, Environment and Natural Resources Div., Mark C. Walters, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Andreas Mezhlumyan, a native and citizen of Armenia, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. The IJ determined Mezhlumyan was not credible and therefore not eligible for relief. We grant the petition and remand for further proceedings.

To establish his eligibility for asylum, Mezhlumyan was required to prove he suffered past persecution or has a well-founded fear of future persecution based on his political opinion. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). Withholding of removal required him to demonstrate it is more likely than not that he would be subjected to persecution if he returns to Armenia. *See Kohli v. Gonzales,* 473 F.3d 1061, 1070 (9th Cir. 2007). For CAT relief, Mezhlumyan had to establish it is more likely than not he would be tortured with the acquiescence of the government upon his return. *See Muradin v. Gonzales,* 494 F.3d 1208, 1210–11 (9th Cir.2007).

Mezhlumyan sought to meet these burdens by relating numerous incidents of harassment, arrests, detentions, beatings and abuses by government authorities based on his political activities. The IJ determined, however, that Mezhlumyan was not credible. Specifically, she related three inconsistencies between Mezhlumyan's original application and his testimony. First, she noted an inconsistency regarding how Mezhlumyan complained about alleged corruption at his work—

whether he complained to "nongovernmental media" as stated in his application or complained at public meetings as stated in his testimony. Second, the IJ cited to Mezhlumyan's statement in his application that he had an altercation with members of the opposition party at a campaign office compared to his later testimony that it occurred at a demonstration. Finally, the IJ reasoned that Mezhlumyan made inconsistent claims by stating in his application that he was arrested on October 30, 1998 from his home but testified at his hearing that he was arrested that day from a rally.

These inconsistencies are based on statements in Mezhlumyan's original application rather than his supplemental declaration. Mezhlumyan concedes his testimony was not wholly consistent with his original application, but argues his supplemental declaration was submitted for the purpose of correcting those minor errors and the IJ erred by ignoring it.[1] We agree. The IJ should have considered Mezhlumyan's explanation for the inconsistencies, namely that he submitted a supplemental declaration intended to correct the minor factual errors in his application. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) ("An adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency.").

■ The IJ also ruled that some of Mezhlumyan's claims were implausible and he therefore failed to establish past persecution. Specifically, she challenged Mezhlumyan's claim that police beat him after he complained to authorities about the death of his two friends. Second, she found it implausible that Mezhlumyan was arrested at a friend's house, but could not explain how police knew he was there. Finally, she noted that after Mezhlumyan returned to Armenia from Russia, he participated in a political demonstration and was unharmed. The IJ concluded "for all of these reasons," Mezhlumyan "failed to carry his burden of proof."

We reject that conclusion. To establish persecution on account of political opinion, a petitioner must show he had "an affirmative or imputed political opinion" and he was targeted "on account of that opinion." *Sagaydak v. Gonzales,* 405 F.3d 1035, 1042 (9th Cir.2005). Mezhlumyan claims he suffered past persecution because he was frequently arrested, detained, and beaten on account of his political activities. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1134 (9th Cir.2004) (holding "any reasonable fact-finder would be compelled to conclude that the repeated beatings, arrests, and threats suffered by [petitioner] constitute persecution"). The IJ's ruling ignores many of these incidents, including the beatings Mezhlumyan suffered in 1995, the five-day detention and beatings in 1996 for participating in a political rally, an arrest and six-month detention in 1999, and his arrest and detention in 1999 that resulted in his hospitalization.[2] Absent a support-

---

1. We do not agree with the Government that this argument is barred because Mezhlumyan did not argue to the BIA "that the IJ failed to read his Declaration." Mezhlumyan clearly argued the IJ erred by making an adverse credibility finding and did so because the alleged inconsistencies were either nonexistent or immaterial. We also disagree with the Government that the IJ's error is "harmless" because there are other inconsistencies the IJ could have relied upon. Our review is "limited to granting or denying the petition for review based on the IJ's reasoning rather than our independent analysis of the record." *Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1060 (9th Cir.2006) (internal quotation marks omitted).

2. Mezhlumyan supplied corroborating evidence of his treatment in the hospital. The Government does not dispute the authenticity of the document, but rather argues it does not establish who caused the injuries.

able adverse credibility finding, a reasonable fact-finder could conclude that "[t]aken cumulatively, the brutal beatings, the hospitalization, the threats of harm, [and] the isolated detention . . . compel a finding of persecution in this case." *See Karapetyan v. Mukasey,* 543 F.3d 1118, 1127 (9th Cir.2008).

Because substantial evidence does not support the IJ's determinations regarding Mezhlumyan's eligibility for asylum, a remand for further proceedings is required. *See Yan Xia Zhu v. Mukasey,* 537 F.3d 1034, 1045–46 (9th Cir.2008) (explaining when remand is required); *see also INS v. Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (noting "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"). On remand, the IJ should also reconsider whether Mezhlumyan is eligible for withholding of removal and CAT relief. *See Karapetyan,* 543 F.3d at 1129 (remanding withholding of removal and CAT claims because of the IJ's "faulty conclusion that [petitioner] had failed to meet the more lenient standard for asylum relief"). We direct the remand be "on an open record to give the agency the opportunity to evaluate [Mezhlumyan's] credibility . . . while considering the explanations he has already provided." *See Soto–Olarte v. Holder,* 555 F.3d 1089, 1096 (9th Cir.2009).

**PETITION FOR REVIEW GRANTED and REMANDED.**